IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Jerome Curry, | ) | C/A No. 2:13-2707-TMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| The State of South Carolina; Det. Brain Kellett; McDuffie County Dist. Atty.; State of Georgia; McDuffie County Sheriff's Office; Logan Marshall, McDuffie County Sheriff; McDuffie County Probation; Caryn Lobdell, McDuffie County Public Defender; Chip Wallace, McDuffie County Public Defender; Governor of Georgia; Nathal Deal; Probation Agent Bobby Evans of McDuffie County; The City of Charleston; Charleston Probation; Agent Weaks; Sheriff Al Cannon Jr.; The Sheriff Al Cannon Jr. Det. Cen.; The Sheriff Dept. of Chars.; The City of Chas. Police Dept.; Officer Hall of Chas; Cantrell Frayer, Charleston County Public Defenders Office Public Defenders; Kelly Solar; Governor Nikki Haley, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

The plaintiff, Jerome Curry ("Plaintiff"), a self-represented litigant, brings this action alleging a violation of his constitutional rights by states, state agencies and departments, state employees and officials, public defenders, a prosecutor, and municipal entities. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process.

I.      **Factual and Procedural History**

Plaintiff alleges an arrest by Officer Hall on July 24, 2012, for "outstanding warrants for fugitive from justice wanted for a probation violation in the State of Georgia." (ECF No. 1 at 3–4.) Plaintiff claims that, on July 26, 2012, Det. Brain Kellett served the warrants on Plaintiff and "tricked" him into signing paperwork waiving "extradition, bond, and counsel." (Id. at 4–5.) Plaintiff indicates that the State of South Carolina extradited him to the State of Georgia on August 17, 2012. (Id. at 5.) Plaintiff claims this extradition occurred beyond the twenty-day maximum hold authorized by Plaintiff's warrant. (Id.)

Plaintiff lists the following defendants for allegedly violating his rights in the State of Georgia: McDuffie County Dist. Atty.; McDuffie County Sheriff's Office; McDuffie County Sheriff Logan Marshall; McDuffie County Probation Department; McDuffie County Public Defenders Caryn Lobdell and Chip Wallace (for misrepresentation and legal malpractice); Governor of Georgia; Nathal Deal;[1] McDuffie County Probation Agent Bobby Evans; and the City of McDuffie County Georgia.[2] (Id. at 6.)

In South Carolina, the following defendants allegedly violated Plaintiff's constitutional rights: State of South Carolina; City of Charleston; Al Cannon Jr. Detention Center; Charleston County Sheriff Al Cannon Jr.; Sheriff Department of Charleston; Charleston Probation; Agent Weaks; City Police Department of Charleston; Det. Brain Kellett; Officer Hall; Governor of South

---

[1] Plaintiff listed the Governor of Georgia, and Nathal Deal as separate defendants in the caption of the Complaint. (ECF No. 1 at 1.) Elsewhere in the pleading, Plaintiff refers to Governor of Georgia, Nathan Deal, as one party.

[2] Plaintiff does not list the "City of McDuffie County Georgia" as a defendant in the Complaint's caption or "parties" section. Therefore, this party is not listed as a defendant on the court's docket.



Carolina Nikki Haley; and Charleston County Public Defenders Kelly Solar and Cantrell Frayer. (Id. at 6–7.)

Plaintiff claims that "[a]ll of the Defendant within this case knowingly and willfully violated state laws and statute as well as federal laws . . . [by] arresting, detaining, and extraditing [Plaintiff] as well as denying [Plaintiff his] constitutional right to counsel, bail, and due process." (Id. at 6.) Plaintiff further alleges that defendants Solar and Cantrell denied Plaintiff requested legal assistance, defendants Deal and Haley failed to respond to Plaintiff's letters regarding his extradition or render "helpful assistance," and Agent Weaks[3] issued false statements to have Plaintiff held on the Georgia probation violation warrant. (Id. at 7.) Plaintiff seeks monetary damages. (Id. at 12.)

## II.     Discussion

### A.     Standard of Review

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district

---

[3] Plaintiff also identifies Agent Weaks as Agent Weeks in the Complaint.



court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.    Analysis**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). In addition, a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977). In the present action, Plaintiff alleges a violation of his Fourteenth Amendment rights to due process and equal protection. (ECF No. 1 at 6.) Plaintiff also



claims false arrest and imprisonment in violation of the Fourth Amendment, and a denial of counsel in violation of the Sixth Amendment. (Id. at 6–7.) As discussed below, Plaintiff's claims are subject to summary dismissal.

### 1.      Insufficient Factual Allegations

Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although the court must liberally construe a *pro se* complaint, the Unites States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim. See Iqbal, 556 U.S. at 677–78; Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678–79.

In the present case, Plaintiff alleges that the following defendants wrongfully violated state and federal laws during Plaintiff's arrest, detention, and extradition: State of South Carolina; McDuffie County Dist. Atty.; State of Georgia; McDuffie County Sheriff's Office; Logan Marshall McDuffie County Sheriff; McDuffie County Probation; Caryn Lobdell; Chip Wallace; Probation Agent Bobby Evans; City of Charleston; and Charleston Probation. (ECF No. 1 at 6.) However, Plaintiff provides no allegations of personal involvement by these defendants in Plaintiff's arrest, detention, or extradition. Further, Plaintiff fails to allege factual allegations to support his conclusory allegations against these defendants. Therefore, Plaintiff's claims against them are subject to summary dismissal. See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (affirming district court's dismissal of conclusory allegation); White v. White, 886 F.2d 721, 723 (4th Cir. 1989)



(affirming dismissal of complaint that "failed to contain any factual allegations tending to support [plaintiff's] bare assertion").

### 2. Immunity

#### a. Eleventh Amendment Immunity

The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. See Alden v. Maine, 527 U.S. 706, 712–13 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); Hans v. Louisiana, 134 U.S. 1 (1890). Such immunity extends to arms of the state, including a state's agencies, instrumentalities and employees. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 101–02 (1984); see also Regents of the University of California v. Doe, 519 U.S. 425, 429 (1997); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (claims against a state employee for actions taken in an official capacity are tantamount to a claim against the state itself). While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions apply in the instant case.[4] In addition, while a narrow exception to sovereign immunity exists, the Eleventh Amendment "does not permit judgments against state officers declaring that they violated federal law in the past." Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993).

---

[4] Congress has not abrogated the states' sovereign immunity under § 1983, see Quern v. Jordan, 440 U. S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court. S.C. Code Ann § 15-78-20(e).



Plaintiff sues the following states, state agencies/departments, and state employees/officials in this action: State of South Carolina; State of Georgia; Logan Marshall McDuffie County Sheriff;[5] McDuffie County Sheriff's Office; McDuffie County Probation;[6] Governor of Georgia; Nathal Deal; Probation Agent Bobby Evans of McDuffie County; Charleston Probation; Agent Weaks; Sheriff Al Cannon, Jr.;[7] the Sheriff Department of Charleston; Officer Hall; Det. Brain Kellett; and Governor Nikki Haley.  Plaintiff provides no facts to indicate that any defendant acted outside of their official capacity; therefore, Plaintiff's claims for damages against these defendants are barred by the Eleventh Amendment.

### b.     Prosecutorial Immunity

Plaintiff lists the McDuffie County District Attorney as a defendant in this case.  While Plaintiff fails to allege any personal allegations against this defendant, prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings.  See Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Dababnah v. Keller-Burnside, 208 F.3d 467 (4th Cir. 2000).

---

[5] In Georgia, a sheriff sued in an official capacity is considered "an arm of the state and thus cannot be sued for damages under the Eleventh Amendment." Smith v. St. Lawerence, No. CV413-155, 2013 WL 4077500, at *1 (S.D. Ga. Aug. 12, 2013) (citing Rylee v. Chapman, 316 F. App'x 901, 905 (11th Cir. 2009)).

[6] Under Georgia law, probation departments are part of the Department of Corrections. See Ga. Code Ann. § 42-8-43.1; see also Lovelace v. Dekalb Cent. Probation, 144 F. App'x 793, 794 n.1 (11th Cir. 2005).

[7] In South Carolina a sheriff, and his deputies, are state actors. See Cone v. Nettles, 417 S.E.2d 523, 524–25 (S.C. 1992) (citing reasoning of Gulledge v. Smart, 691 F. Supp. 947 (D.S.C. 1988)).  Therefore, a suit against them in federal court in their official capacities is barred by the Eleventh Amendment. McConnell v. Adams, 829 F.2d 1319, 1328–29 (4th Cir. 1987).



Thus, any claims raised by Plaintiff against the McDuffie County District Attorney for prosecutorial actions taken in relation to Plaintiff's state court proceedings are subject to summary dismissal.

### 3. Improper Defendants

#### a. No state action

An attorney, whether retained or appointed, does not act under color of state law when performing traditional functions as counsel. See Polk County v. Dodson, 454 U.S. 312, 317–24 nn.8–16 (1981) (public defender); Hall v. Quillen, 631 F.2d 1154, 1155–56 nn.2–3 (4th Cir. 1980) (court-appointed attorney); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney). In this case, Plaintiff sues McDuffie County Public Defenders Caryn Lobdell and Chip Wallace for unspecified reasons. (ECF No. 1 at 6.) Plaintiff further alleges that Charleston County Public Defenders Cantrell Frayer and Kelly Solar failed to provide requested legal assistance. (Id. at 7.) As these defendants' legal involvement, or lack thereof, in Plaintiff's state criminal or extradition proceedings do not constitute state action under § 1983, defendants Lobdell, Wallace, Frayer and Solar are entitled to summary dismissal from this case.

#### b. Not a "person"

It is well-settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." See 42 U.S.C. § 1983; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978). Courts have held that inanimate objects such as buildings, facilities, and grounds are not "persons" and do not act under color of state law. See Nelson v. Lexington Cnty. Det. Ctr., C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that the plaintiff failed to establish that the Lexington County Detention Center, "as a building and not a person, is amenable to suit under § 1983"); see also Brooks v. Pembroke City Jail, 722 F. Supp.



1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). In this case, Plaintiff sues the Sheriff Al Cannon, Jr. Detention Center. As a building used primarily to house pretrial detainees, this defendant is not a "person" amenable to suit under § 1983 and is entitled to summary dismissal.[8]

Plaintiff also names the City of Charleston Police Department as a defendant in this case. However, this defendant is not a separate entity or "person" subject to suit under § 1983. See Martinez v. Winner, 771 F.2d 424, 444 (10th Cir.1985) (finding the Denver Police Department not a separate suitable entity); McNeil v. Rock Hill Police Dep't, C/A No. 0:12-1933-CMC-SVH, 2012 WL 6863917, at *2 (D.S.C. Dec.27, 2012), adopted by 2013 WL 168050 (D.S.C. Jan.16, 2013). Thus, the City of Charleston Police Department is likewise entitled to summary dismissal.

### 4. Municipal Liability

Plaintiff names the City of Charleston in this case and references the City of McDuffie County Georgia in the body of the pleading. (ECF No. 1 at 6.) Municipal liability is based on execution of a governmental policy or custom. Monell, 436 U.S. at 690–91. A municipality may not be held liable under § 1983 solely because it employs the tortfeasor; rather, a plaintiff must identify a municipal policy or custom that caused the plaintiff's injury. Board of County Comm'rs v. Brown, 520 U.S. 397 (1997); Kirby v. City of Elizabeth City, North Carolina, 388 F.3d 440, 451 (4th Cir. 2004). In this action, Plaintiff fails to identify a policy or custom of the City of Charleston,

---

[8] The following defendants, who have already been addressed in other sections of the Report and Recommendation, are also buildings, departments, or entities who are not considered "persons" amenable to suit under § 1983: McDuffie County Sheriff's Office; McDuffie County Probation; Charleston Probation; and Sheriff Department of Charleston.



or the City of McDuffie County Georgia, which caused his federal rights to be violated. Thus, any municipal liability claims raised against these parties are subject to summary dismissal.

### 5. Supervisory Liability

To the extent Plaintiff asserts claims against any defendants in their capacity as supervisors, such claims must also be summarily dismissed.[9] A claim based upon the doctrine of *respondeat superior* does not give rise to a claim under § 1983. Monell, 436 U.S. at 691–94. "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. In the present action, Plaintiff provides no factual allegations to show that any defendant who could be considered a supervisor was aware of, or deliberately indifferent to, any constitutional risk of injury to Plaintiff. See Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999) (outlining the requirements to hold a supervisor liable for constitutional injuries inflicted by their subordinates). Plaintiff provides insufficient facts to proceed on such a theory under Fourth Circuit precedent. As such, any supervisory capacity claims raised by Plaintiff are subject to summary dismissal.

### 6. State Law Claims

Because Plaintiff's federal claims are recommended for summary dismissal, the district court should decline to exercise supplemental jurisdiction over any state law causes of action raised by Plaintiff. See 28 U.S.C. § 1367(c)(3); see also United Mine Workers v. Gibbs, 383 U.S. 715, 726

---

[9] The court liberally construes possible supervisory capacity claims against Logan Marshall, McDuffie County Sheriff, and Sheriff Al Cannon, Jr.



(1996); <u>Tigrett v. Rector and Visitors of the Univ. of Va.</u>, 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case).

### III.     Conclusion and Recommendation

Accordingly, the court recommends that the Complaint be dismissed without prejudice and without issuance and service of process.

                                                                       _____
                                                                       Paige J. Gossett
                                                                       UNITED STATES MAGISTRATE JUDGE

November 25, 2013
Columbia, South Carolina

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' "  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).